Alfred A. Day (Mass. Bar. No. 654436)
daya@sec.gov
(617) 573-4537
Timothy K. Halloran (D.C. Bar No. 483245)
hallorant@sec.gov
(202) 551-4414

Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
Facsimile: (202) 772-9292

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATHANIEL BROWN, BENJAMIN WYLAM, NAVEEN SOOD, MARCUS BANNON, MATTHEW RAUCH, and NARESH RAMAIYA,<br><br>Defendants. | Case No. 3:21-cv-04594-EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Plaintiff United States Securities and Exchange Commission ("SEC" or "Commission"), Defendant Nathaniel Brown, and Defendant Benjamin Wylam respectfully submit this Joint Case Management Conference Statement in advance of the case management conference that is scheduled for October 12, 2021.[1]

---

[1] Only two Defendants remain in this case: Brown and Wylam. The other four Defendants – Naveen Sood, Marcus Bannon, Matthew Rauch, and Naresh Ramaiya – settled with the SEC and Final Judgments were entered against them. *See* ECF Nos. 17-20.

Regarding the topics listed in the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the SEC, Brown, and Wylam state the following:

**1.     Jurisdiction and Service:** The Court has subject matter jurisdiction over this case pursuant to Sections 21, 21A, and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u, 78u-1, and 78aa. All parties have been served, and there are no issues regarding personal jurisdiction or venue.

**2.     Facts:** As alleged in the Complaint, from April 2016 through November 2017, Defendants engaged in an insider trading scheme involving the securities of Infinera Corporation ("Infinera") and Fortinet, Inc. ("Fortinet"). Regarding Infinera, Brown worked at the company and tipped his close friend, Wylam, with material nonpublic information about Infinera. Wylam used that information to trade Infinera securities around several earnings announcements, and passed the information to Sood, who passed it to other Defendants, who also traded on it. Regarding Fortinet, Bannon worked at the company and tipped his close friend, Sood, with material nonpublic information about Fortinet. Sood used that information to trade Fortinet securities around one earnings announcement, and passed the information to other Defendants, including Wylam, who traded on it as well.

The only Defendants remaining in this case, Brown and Wylam, pled guilty in parallel criminal cases to securities fraud in violation of 18 U.S.C. § 1348. *See United States v. Brown*, No. 3:21-cr-00247-EMC (N.D. Cal.); *United States v. Wylam*, No. 3:21-cr-00246-EMC (N.D. Cal.). Brown and Wylam are scheduled to be sentenced on October 28, 2021.[2]

In this civil case, the facts generally are not in dispute. Wylam entered into a bifurcated settlement with the SEC that resolved issues of liability and injunctive relief but left the issue of monetary penalties to be decided later on the SEC's motion. *See* ECF Nos. 3-1 and 16. Solely

---

[2] Sood, who settled with the SEC, also pled guilty to violating 18 U.S.C. § 1348. *See United States v. Sood*, No. 3:21-cr-00111-EMC (N.D. Cal.). His sentencing is scheduled for December 9, 2021.

1  for the purposes of the SEC's motion for civil penalties, however, Wylam agreed that the
2  allegations of the Complaint shall be deemed true.  *See* ECF No. 3-1 at ¶ 4; ECF No. 16 at ¶ II.
3  Additionally, in connection with the guilty plea in his parallel criminal case, Wylam admitted
4  many of the same facts at issue here.

5      Brown has not settled with the SEC.  In his Answer, however, Brown admitted many of
6  the factual allegations made against him in the Complaint, including that he "provid[ed] material
7  non-public information" concerning Infinera to Wylam.  ECF No. 21 at ¶ 1; *see also id*. at ¶¶ 3,
8  8-11, 13-14, 19, 24-29, 32-40, 48, 50-53, 63, 65-71, 73, 76, 80.  Additionally, in connection with
9  the guilty plea in his parallel criminal case, Brown admitted many of the same facts at issue here.

10      Both Brown and Wylam reserved their right to contest the amount of monetary penalties
11  to be imposed against them in this civil case.[3]

12      **3.**    **Legal Issues:**  As to Brown, because he has not settled with the SEC, the legal
13  issues are whether he violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule
14  10b-5, 17 C.F.R. § 240.10b-5, and, if so, whether the Court should enter injunctive relief and/or a
15  civil penalty pursuant to Section 21A of the Exchange Act, 15 U.S.C. § 78u-1.  In his Answer,
16  Brown did not contest the entry of permanent injunctive relief.  *See* ECF No. 21 at ¶ 8.[4]

17      As to Wylam, because he entered into a bifurcated settlement with the SEC, the only
18  remaining legal issue is the amount of civil penalties that should be imposed against him
19  pursuant to Section 21A of the Exchange Act, 15 U.S.C. § 78u-1.  *See* ECF No. 16 at ¶ II.

20      After Brown and Wylam are sentenced in their parallel criminal cases, depending on the
21  circumstances, it may be possible for the SEC to settle with one or both of them such that the

---

[3] Brown does not admit the facts set forth herein, but he does not object to the SEC's characterization of the facts for purposes of the Joint Case Management Conference Statement.

[4] Brown does not oppose the entry of injunctive relief which meets the requirements of Fed. R. Civ. P. 65.  Brown maintains that an "obey the law" injunction does not meet such requirements.  Moreover, Brown does not waive any defenses to injunctive relief which may be available to him.  *See also* ¶ 11 below.

Court would not need to resolve the legal issues above. Therefore, once sentencing has occurred, counsel for the parties intend to confer promptly to determine whether settlement may be feasible.

**4. Motions:** On June 15, 2021, the SEC filed a Consent Motion for Entry of Judgments against the Defendants who settled with the SEC. *See* ECF No. 3. On June 25, 2021, the Court granted that motion, ECF No. 15, and entered a Judgment against Wylam, ECF No. 16, and Final Judgments against Sood, Bannon, Rauch, and Ramaiya, ECF Nos. 17-20. There are no pending motions at this time.

If the SEC is not able to settle with Brown and Wylam after they have been sentenced, the SEC anticipates filing at least the following motions. First, as to Wylam, the SEC anticipates filing a motion for the imposition of civil penalties. Second, as to Brown, the SEC anticipates filing a motion for summary judgment, which would be based on, among other things, Brown's admissions in his Answer and in his parallel criminal case. Third, if the SEC obtains summary judgment against Brown, it would then file a motion for the imposition of injunctive relief and civil penalties against him.

**5. Amendment of Pleadings:** The parties do not anticipate amending their pleadings at this time. The parties propose a deadline of 21 days after the initial case management conference for amending the pleadings.

**6. Evidence Preservation:** The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures:** The parties have conferred pursuant to Federal Rule of Civil Procedure 26(f), and the issue of initial disclosures is discussed in Section 8 below.

**8. Discovery:** Pursuant to Brown's informal request, the SEC has provided him with copies of: (1) the transcript of Brown's investigative testimony before the SEC; (2) the exhibits used during Brown's testimony; (3) the transcript of Bannon's investigative testimony

before the SEC; (4) the exhibits used during Bannon's testimony; and (5) a declaration by Wylam. The documents provided to Brown represent all of the testimony transcripts and declarations related to this case that are within the SEC's possession, custody, or control. The SEC also understands that, in connection with Brown's parallel criminal case, the Assistant United States Attorney has provided Brown with multiple interview summaries that the SEC does not possess.

To date, none of the parties have served any formal discovery requests.

Regarding future discovery in this case, the SEC's view is that it does not make sense for the parties to expend further time and resources unless and until Brown and Wylam are sentenced in their parallel cases and, in light of those sentencings, counsel confer about whether settlement of this civil case is feasible. If, after the sentencings, the parties are able to reach a settlement, then discovery in this case would be unnecessary. The SEC thus proposes that, within 21 days after Brown and Wylam are sentenced, the parties file either (1) a joint report on the status of settlement or (2) a joint discovery plan addressing the items in Federal Rule of Civil Procedure 26(f)(3) and the deadlines in Section 17 below. Brown and Wylam do not object to that proposal.

**9.     Class Actions:** Not applicable.

**10.    Related Cases:** There are three related criminal cases arising from the same facts underlying the SEC's Complaint: *United States v. Brown*, No. 3:21-cr-00247-EMC (N.D. Cal.), *United States v. Wylam*, No. 3:21-cr-00246-EMC (N.D. Cal.), and *United States v. Sood*, No. 3:21-cr-00111-EMC (N.D. Cal.).

**11.    Relief:** In the Complaint, the SEC seeks the following relief against Brown and Wylam: (1) a permanent injunction prohibiting violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5; (2) civil penalties pursuant to Section 21A of the Exchange Act, 15 U.S.C. § 78u-1; and (3) any further relief that the Court deems appropriate. The amount of penalties in an insider trading case "shall be determined by the court in light of the facts and circumstances, but shall not exceed three times the profit gained

or loss avoided as a result of [the] unlawful purchase, sale, or communication." Exchange Act § 21A(a)(2), 15 U.S.C. § 78u-1(a)(2).

**12.    Settlement and ADR:** The SEC's counsel and Brown's counsel have discussed settlement on several occasions but have not yet reached agreement. As noted above, the SEC and Wylam entered into a bifurcated settlement that left open the issue of civil penalties to be decided on the SEC's motion. *See* ECF No. 16 at ¶ II. The SEC is hopeful that, after Brown and Wylam are sentenced in their parallel criminal cases, settlements with both of them may be feasible. At this time, the parties do not believe that formal ADR is necessary.

**13.    Consent to Magistrate Judge For All Purposes:** All parties do not consent to have a magistrate judge conduct all further proceedings in this case.

**14.    Other References:** Not applicable.

**15.    Narrowing of Issues:** As to Brown, the legal issues raised by the Complaint remain unresolved at this time. As to Wylam, through his bifurcated settlement and the resulting judgment, the parties have narrowed the issues in dispute to the amount of any civil penalty to be imposed. *See* ECF No. 16 at ¶ II.

**16.    Expedited Trial Procedure:** All parties do not agree to the Expedited Trial Procedure.

**17.    Scheduling:** See Section 8 above.

**18.    Trial:** The SEC demanded a jury trial in the Complaint. Even if no further settlements are reached with Brown or Wylam, the issue of monetary relief against Wylam would be decided by motion, so any trial would only be against Brown – and only if the SEC did not obtain summary judgment against him. In any event, at this early stage, the SEC estimates that a jury trial against Brown would take approximately one week.[5]

---

[5] Brown is not demanding a jury trial.

**19.     Disclosure of Non-party Interested Entities or Persons:** Per the terms of Civil Local Rule 3-15(a), this certification requirement does not apply to the SEC. Brown and Wylam have not yet filed the certification.

**20.     Professional Conduct:** The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other Matters:** None at this time.

Respectfully submitted,

Date: September 29, 2021

/s/ Timothy K. Halloran
Alfred A. Day (Mass. Bar No. 654436)
daya@sec.gov
(617) 573-4537
Timothy K. Halloran (D.C. Bar No. 483245)
hallorant@sec.gov
(202) 551-4414

Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
Facsimile: (202) 772-9292

DAVIS WRIGHT TREMAINE LLP
MARK N. BARTLETT (*admitted pro hac vice*)
MATTHEW D. DIGGS (*admitted pro hac vice*)
MONDER KHOURY

BY: /s/ MATTHEW D. DIGGS
MATTHEW D. DIGGS

Attorneys for Defendant
BENJAMIN J. WYLAM

[Counsel continued on next page]

| | |
|---|---|
| 1 | DEFENDANT NATHAN BROWN |
| 2 | By his attorneys, |
| 3 | /s/ Jonathan D. McDougall<br>Jonathan D. McDougall, Esquire (CA #212359) |
| 4 | jonathan@mcdlaw.net<br>Law Office of Jonathan D. McDougall |
| 5 | 1640 Laurel Street<br>San Carlos, CA 94070 |
| 6 | Telephone: (650) 594-4205<br>Facsimile: (605) 594-4205 |
| 7 | Daniel K. Gelb, Esquire |
| 8 | dgelb@gelbgelb.com<br>Richard M. Gelb, Esquire |
| 9 | rgelb@gelbgelb.com<br>GELB & GELB LLP |
| 10 | 900 Cummings Center, Suite 207-V<br>Beverly, Massachusetts 01915 |
| 11 | Telephone: (617) 345-0010<br>Facsimile: (617) 345-0009 |
| 12 | *Appearing Pro Hac Vice* |

**CERTIFICATE OF SERVICE**

I certify that, on September 29, 2021, a copy of the foregoing document was filed through the Court's ECF system, which served a copy on all counsel of record.

/s/ Timothy K. Halloran
Alfred A. Day (Mass. Bar No. 654436)
daya@sec.gov
(617) 573-4537
Timothy K. Halloran (D.C. Bar No. 483245)
hallorant@sec.gov
(202) 551-4414

Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
Facsimile: (202) 772-9292